# United States Bankruptcy Court
## Middle District of Florida

In re **Thomas Walker**                                                                 Case No.  25-05655
                              Debtor(s)                                                       Chapter  **7**

## SUPPLEMENTAL DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ 2,500.00 |
   | Prior to the filing of this statement I have received | $ 0.00 |
   | Balance Due | $ 2,500.00 |

2. The source of the compensation paid to me was:
   ☒ Debtor    ☐ Other (specify):

3. The source of compensation to be paid to me is:
   ☒ Debtor    ☐ Other (specify):

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed post petition fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

In return for the above-disclosed post petition fee, Attorney has agreed to render legal service for all aspects of the bankruptcy case, including:

a. Preparing and filing a Statement of Financial Affairs and Schedules of Assets and Liabilities and filing any necessary amendments to them;
b. Preparing and filing a Means Test calculations and disclosures;
c. Meeting with Debtor to review Debtor's statements and schedules and sign them before we file them;
d. Preparing for and attending the Section 341 Meeting of Creditors, including any continuation of the Meeting;
e. Administrating and monitoring the case and communicating with Debtor throughout the process;
f. Forwarding the Trustee Questionnaire and Debtor documents to the Trustee;
g. Reviewing and responding to Trustee requests;
h. Any other legal service required by the local rules;
i. Emergency notification to certain creditors to stop a pending wage garnishment, foreclosure, eviction, repossession, or utility shut-off;
j. Noticing Debtor's employer to stop any garnishments;
k. Reviewing and advising Debtor about any turnover demands from the Trustee;
l. Reviewing and advising Debtor about any audit of Debtor's case by the United States Trustee;
m. Drafting or responding to claims or objections to claims;
n. Preparing and filing a motion to reinstate the case if it is dismissed;
o. Reviewing, advising Debtor about, and attending any hearing about a proposed reaffirmation agreement or redemption.
p. Reviewing, advising and defending Debtor's interests in connection with any lien avoidance matters;
q. Preparation for and attendance at Rule 2004 examinations;
r. Contested matters regarding Debtor's claim of exempt property;
s. Motions or adversary complaints to abandon/refinance/sell/purchase property;
t. Motions for relief from, or continuation, defense or enforcement of the automatic stay;
u. Re-opening a bankruptcy case to submit post-filing proof of pre-discharge counseling;
v. Defending against any motions to dismiss or convert Debtor's case;
w. Enrolling Debtor into a credit reporting and education program after Debtor obtains a bankruptcy discharge that will monitor and assist the Debtor with rebuilding Debtor's credit.
y. Reviewing Debtor's credit reports for compliance by creditors included in the bankruptcy.

The Firm will continue to represent the Client in the case even where the Client chooses not to retain the Firm for postpetition services until the Court enters an order allowing the Firm to withdraw from representation. The debtor has also paid to the Attorney a Court Filing Fee of $338 and the cost of a credit report of $50.

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:

By agreement with Client, the above disclosed fee does not include the following services; the contract of employment does not include representing Client, either as a Plaintiff or a Defendant, in any adversary proceeding, filed in or in connection with this case. Should Attorney agree to represent Client in an adversary proceeding, a different contract of employment shall be executed between the parties under such terms and conditions as the parties deem mutually acceptable.

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| August 21, 2025 | /s/ Alan Borden |
|---|---|
| *Date* | **Alan Borden 58250** |
| | *Signature of Attorney* |
| | **Debt Relief Legal Group, LLC** |
| | **901 W. Hillsborough Ave.** |
| | **Tampa, FL 33603** |
| | **813-231-2088  Fax: 813-354-2627** |
| | **data@1800debtrelief.com** |
| | *Name of law firm* |